Singh v. Lynch

BIA
Poczter, IJ
A200 956 393

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of August, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

PALWINDER SINGH,
> *Petitioner,*

v.                                                        14-2329
                                                          NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Palwinder Singh, pro se, Painted Post, New York.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Christina J. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Palwinder Singh, a native and citizen of India, seeks review of a June 13, 2014, decision of the BIA, affirming an October 5, 2012, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Palwinder Singh,* No. A200 956 393 (B.I.A. June 13, 2014), *aff'g* No. A200 956 393 (Immig. Ct. N.Y. City Oct. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on inconsistencies between The testimony and his written application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 166-67. The testimony and written application were inconsistent regarding the particulars of the August 2010 attack he allegedly suffered, such as whether he was walking or on a bicycle and whether two of his three assailants were police officers or members of a rival party. Singh's statements were also inconsistent as to whether he played a large role as head of the youth wing in his political party, or a small one. When questioned about these discrepancies, Singh's answers were evasive and nonresponsive and the agency was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to provide sufficient corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Although Singh submitted letters from his doctor and his political party, the letters omitted mention of his first attack, and thus did not corroborate (and in fact weakened) his claim that he was attacked twice. *See Xiu Xia Lin*, 534 F.3d at 166-67 n.3. The agency also reasonably declined to credit

3

letters from Singh's relatives and friend because the authors did not provide copies of their identification documents and were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013).

Given the inconsistency and corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk